IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BENJAMIN SMITH, | : | No. 3:CV-05-2663 |
| Plaintiff | : | (Judge Jones) |
| v. | : | (Magistrate Judge Blewitt) |
| OFFICER SHADY, ET AL., | : | |
| Defendants | : | |

**MEMORANDUM AND ORDER**

**February 8, 2006**

The plaintiff, Benjamin Smith ("Plaintiff" or "Smith"), a prisoner proceeding pro se, initiated this 42 U.S.C. § 1983 action by filing a complaint in the United States District Court for the Middle District of Pennsylvania on December 27, 2005, naming fourteen Defendants employed by the Pennsylvania Department of Corrections ("DOC").

The case was referred to Magistrate Judge Thomas M. Blewitt for preliminary review. On January 11, 2006, Magistrate Judge Blewitt issued a report recommending that this case proceed only with respect to Plaintiff's Eighth Amendment claim against Defendants Shady and Chaplain. (See Rec. Doc. 8). The Magistrate Judge recommended that the remaining twelve Defendants be dismissed and that the case be remanded to him for further proceedings against the

remaining two Defendants.

Objections to the Magistrate Judge's Report and Recommendation were due by January 30, 2006 and were filed by Plaintiff on January 29, 2006.[1]  For the reasons that follow, we will adopt the report and recommendation in part and reject it in part.

**STANDARD OF REVIEW:**

When objections are filed to a report of a magistrate judge, we make a *de novo* determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge to which there are objections.  See United States v. Raddatz, 447 U.S. 667 (1980); see also 28 U.S.C. § 636(b)(1); Local Rule 72.3.  Furthermore, district judges have wide discretion as to how they treat recommendations of a magistrate judge.  See id.  Indeed, in providing for a *de novo* review determination rather than a *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound discretion,

---

[1] As a pro se prisoner, Plaintiff is entitled to the prisoner mailbox rule which means a document is deemed filed when it is deposited in the prison mailroom.  See Houston v. Lack, 487 U.S. 266, 270-71 (1988); United States v. Fiorelli, 337 F.3d 282, 289 (3d Cir. 2003) (quoting In re Flanagan, 999 F.2d 753, 759 (3d Cir. 1993)) ("[T]he prison mailroom is essentially 'an adjunct of the clerk's office,' and a jurisdictionally sensitive document is deemed filed on deposit."); see also Burns v. Morton,134 F.3d 109, 113 (3d Cir. 1998) (holding pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court).  Accordingly, Plaintiff's objections, which are dated January 29, 2006, are deemed filed on January 29, 2006, which is within the period for filing objections.

chooses to place on a magistrate judge's proposed findings and recommendations. See id., see also Mathews v. Weber, 423 U.S. 261, 275 (1976); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

**DISCUSSION:**

Plaintiff has filed objections to the report and recommendation which will be the subject of the narrative that follows.

We initially note that to state a claim pursuant to 42 U.S.C. § 1983, Plaintiff must show that the Defendants acted under color of state law, that a federally secured right was implicated, and that the Defendants deprived Plaintiff or caused the deprivation of that right. Parratt v. Taylor, 451 U.S. 527, 535 (1981). "Liability may not be imposed under § 1983 on the principle of respondeat superior." Hetzel v. Swartz, 909 F. Supp. 261, 264 (M.D. Pa. 1995). The Third Circuit has explained that liability under 42 U.S.C. § 1983 may only be based upon a defendant's personal involvement in conduct amounting to a constitutional violation. See Shabazz v. Nagy, 76 Fed. Appx. 417, 419 (3d Cir. 2003); see also Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

First, Plaintiff objects to the Magistrate Judge's finding that as a result of the harassment and assaults by Defendants Shady and Chaplain, Plaintiff does not state that he suffered any physical injury or mental symptoms. (Rep. & Rec. at 5). In

that regard, Plaintiff argues that his allegations in the complaint concerning the fact that Officer Shady grabbed his penis demonstrate that "the Plaintiff has alleged physical and psychological injury and the pleading should not be held to a standard of drafting expected of counsel." (Rec. Doc. 12 at 3).

Plaintiff's complaint brought pursuant to 42 U.S.C. § 1983 requests compensatory and punitive damages. Section 1997e(e) of Title 42 of the United States Code states that "no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Such injury may be "less-than-significant-but-[must be]-more-than-de-minimis." Mitchell v. Horn, 2005 U.S. Dist. LEXIS 8139, *3-5 (E.D. Pa. 2005)(quoting Mitchell v. Horn, 318 F.3d 523, 536 (3d Cir. 2003)).  After a careful review of the record, we are in agreement with the Magistrate Judge that Plaintiff's allegations in the complaint concerning Officer Shady grabbing his penis and holding it in her hand do not constitute a physical injury or mental symptoms. Any injury that may have resulted from such action(s) is de minimis and accordingly insufficient to comprise a physical injury under 42 U.S.C. § 1997e(e).  See Allah v. Al-Hafeez, 226 F.3d 247, 250-51 (3d Cir. 2000).

Second, Plaintiff objects to the Magistrate Judge's finding that Plaintiff has

4

not sufficiently alleged that he suffered adverse actions by Defendants Dougherty and Walker as a result of his grievance since Plaintiff had no right to cable television in the prison. (Rep. & Rec. at 7-9). Plaintiff asserts that the Magistrate Judge's finding places an unnecessary burden upon him to demonstrate that an adverse action occurred. Plaintiff contends that he has stated a retaliation claim against Defendants Dougherty and Walker.

We initially note that in Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001), the Third Circuit Court of Appeals instructed that as a threshold matter, a prisoner-plaintiff in a retaliation case must prove that the conduct which led to the alleged retaliation was constitutionally protected. Second, a prisoner litigating a retaliation claim must show that he suffered some "adverse action" at the hands of the prison officials. Id. at 333. Finally, once these two threshold criteria are met, a prisoner-plaintiff must prove a causal link between the exercise of his constitutional rights and the adverse action taken against him. Id.

In the case sub judice, liberally construing Plaintiff's pro se pleading, the Magistrate Judge determined that Plaintiff met the threshold requirement of a retaliation claim by asserting that Defendants Dougherty and Walker retaliated against him for his filing of a prior grievance, which is protected by the First Amendment. (Rep. & Rec. at 8). As the Magistrate Judge noted, the constitutional

right of an inmate to seek a remedy for his grievances without suffering retaliation was well-established at the time the violations alleged by Plaintiff occurred in this case. Id.; see Franco v. Kelly, 854 F.2d 584 (2d Cir. 1988). With regard to the adverse action at the hands of the prison officials; however, the Magistrate Judge found that Plaintiff did not sufficiently allege that he suffered adverse actions by Defendants Dougherty and Walker as a result of his grievance as he had no right to cable television in the prison. (Rep. & Rec. at 8-9). We find that Plaintiff accurately submits that the law in the Third Circuit indicates that a prisoner litigating a retaliation claim need not prove that he had an independent liberty interest in the privileges he was denied. Rauser, 241 F.3d at 333. Instead, as noted, a prisoner litigating a retaliation claim must show that he suffered some "adverse action" at the hands of the prison officials, which he can satisfy by demonstrating that the action "was sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights." Id. (citing Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)). Plaintiff has alleged that after he filed a grievance, Defendants Dougherty and Walker retaliated against him by cutting off his cable television service. At this early juncture of the case and liberally construing the pro se Plaintiff's complaint, we find that he has alleged that he suffered an adverse action at the hands of prison officials and that he has alleged a causal link between

the exercise of his constitutional rights, filing a grievance, and the adverse action taken against him, having his cable television service taken away.  Accordingly, we respectfully disagree with the learned Magistrate Judge's conclusion and instead find that Plaintiff has stated a retaliation claim upon which relief can be granted as against Defendants Dougherty and Walker.

Third, Plaintiff objects to the Magistrate Judge's finding that since he does not allege actual injury or adverse action with respect to his First Amendment claim against Defendant Tennis, it must fail.  Plaintiff asserts that his claims against Defendant Tennis should be sustained as both retaliation and "constitutional infringement" claims as "it is well established that Plaintiff's claim that his legal mail was repeatedly opened is central to the right of court access and does not require an actual injury demonstration."  (Rec. Doc. 12 at 5).

In the complaint, Plaintiff alleges that for months after filing a grievance as a result of being sexually harassed and assaulted by Defendant Shady on several occasions, Defendant Tennis began opening and reading his legal mail "even violating a Court Order to desist from doing so, outside [his] presence."  (Rec. Doc. 1 at 2).  Plaintiff also alleges that Defendant Tennis's failure to discipline caused the assaults on him.

First, we are in agreement with the Magistrate Judge that Plaintiff has failed

to state an Eighth Amendment claim against Defendant Tennis as there is no claim that Defendant Tennis was aware that Plaintiff was at risk from sexual assaults by staff or that he was assaulted in the past.  Second, we are construing Plaintiff's allegations against Defendant Tennis as that of a retaliation claim, as opposed to a denial of access to the court claim.[2]  We disagree with the Magistrate Judge that Plaintiff has not stated a retaliation claim against Defendant Tennis.  We find that liberally construing Plaintiff's pro se pleading and in the exercise of caution, he has stated a retaliation claim by alleging that for months after filing a prior grievance, which, as noted, is protected by the First Amendment, Plaintiff suffered adverse action at the hands of Defendant Tennis as he began opening and reading Plaintiff's legal mail.  Id. (citing Allah, 229 F.3d at 225).  In addition, we conclude that Plaintiff has demonstrated a causal nexus between his constitutionally protected conduct and the adverse action alleged.  Rauser, 241 F.3d at 333.  Therefore, Plaintiff has stated a retaliation claim against Defendant Tennis.[3]

---

[2] In the complaint, Plaintiff's allegation regarding Defendant Tennis opening and reading his legal mail immediately follows Plaintiff's retaliation allegation as against Defendants Dougherty and Walker and it indicates that such conduct occurred for months after Plaintiff had filed a grievance.

[3] We do note that Plaintiff has alleged that **after** filing a grievance, Defendant Tennis began opening and reading his legal mail.  Plaintiff does not indicate whether such conduct also occurred **prior** to his filing of the grievance.  If, for example, discovery reveals that it was standard practice in the prison to open and read prisoner's mail, then this factor could be of potential detriment to Plaintiff's retaliation claim.  It does not however change our view as to the viability of Plaintiff's claim at this early stage of the proceedings.

Fourth, Plaintiff objects to the Magistrate Judge's finding that he did not state a claim against Defendants Dickson, Knepp, and Karchner. In the complaint, Plaintiff's only allegation against Defendants Dickson, Knepp, and Karchner is that they "knew C/O Shady was sexually out of control and placed [him] at risk through deliberate indifference." (Rec. Doc. 1 at 2). As the Magistrate Judge explained, the United States Supreme Court has instructed that while "[t]he Constitution does not mandate comfortable prisons, . . . neither does it permit inhumane ones . . ." Farmer v. Brennan, 511 U.S. 825, 832 (1994)(quoting Rhodes v. Chapman, 452 U.S. 337, 349 (1981)(internal citations omitted). "[I]t is now settled that 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" Farmer, 511 U.S. at 832 (quoting Helling v. McKinney, 509 U.S. 25, 31 (1993)). The United States Supreme Court has stated that conditions of confinement will violate the Eighth Amendment if the following two-prong test is met: (1) the deprivation is sufficiently serious; and (2) deliberate indifference by the prison official defendants. Farmer, 511 U.S. at 834. As the Magistrate Judge noted, simply stated, an Eighth Amendment violation exists when the prisoner is denied "the minimal civilized measure of life's necessities" and the prison official acted with recklessness. Id. at 834-35 (quoting Rhodes, 452 U.S. at 347). To find an Eighth

Amendment violation regarding conditions of confinement, the evidence must show that the prison official was both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.  Farmer, 511 U.S. at 836-37.

After a careful review of the record and in liberally construing Plaintiff's complaint, we are in agreement with the Magistrate Judge that Plaintiff fails to state an Eighth Amendment claim against Defendants Dickson, Knepp, and Karchner.  (Rep. & Rec. at 11-12).  Plaintiff's single sentence allegation that the aforementioned Defendants "knew C/O Shady was sexually out of control and placed me at risk through deliberate indifference" notably does not indicate that such Defendants knew Defendant Shady was out of control *towards Plaintiff*.  Moreover, Plaintiff's allegation does not reveal such Defendants knew Defendant Shady had threatened Plaintiff in the past or had assaulted Plaintiff previously.  In addition, there is no claim that Plaintiff was placed in risk of serious injury by Defendants.  As there is no allegation that Defendants Dickson, Knepp, and Karchner knew Defendant Shady was a threat to Plaintiff or that Defendant Shady had previously assaulted Plaintiff, we find that Plaintiff has failed to state an Eighth Amendment claim against such Defendants.

Plaintiff's final objection to the Magistrate Judge's report concerns whether

he stated a claim against Defendants Dale and Kearn.[4]  In the complaint, Plaintiff's only allegation as against Defendants Dale and Kearn is that they "both failed to investigate my claims which led to the indecent assault [by Defendant Chaplain]." (Rec. Doc. 1 at 2).  Although in his objections, Plaintiff argues that interpretation of the allegation reveals that he notified Defendants Dale and Kearn about the harassment, but because they failed to remedy the situation, an indecent assault occurred, we disagree.  A thorough review of Plaintiff's complaint indicates that he has failed to allege that Defendants Dale and Kearn were aware of facts that he was at a substantial risk of serious harm from a sexual assault by Defendant Chaplain or that they drew such an inference.  We agree with the Magistrate Judge that we do not comprehend how an alleged failure to investigate claims of sexual assault by Defendant Shady resulted in the alleged assault by Defendant Chaplain.  Accordingly, Defendants Dale and Kearn shall be dismissed from this action.

Finally, we agree with the Magistrate Judge that the alleged repetitive sexual harassment, coupled with the assaults, are sufficiently serious to assert a recognizable Eighth Amendment claim as against Defendants Shady and Chaplain.  In that regard, Plaintiff contends that the Eighth Amendment was violated because

---

[4] In his objections, Plaintiff states that he agrees with the Magistrate Judge's report that he has not stated actionable claims against Defendants Beard, Vaughn, Kerstetter, and Eaton. (Rec. Doc. 12 at 7-8).

11

Defendants Shady and Chaplain sexually assaulted him, made sexual comments towards him, and sexually harassed him. "The Eighth Amendment encompasses the treatment a prisoner receives while incarcerated, including sexual harassment, as long as two elements are met." Harris v. Zappan, 1999 WL 360203 *4 (E.D. Pa. 1999). The Harris Court then stated the following:

> In the context of sexual harassment, this element requires severe or repetitive sexual abuse of an inmate by a prison officer. The second element is subjective; whether the official had a sufficiently culpable state of mind. Where no legitimate law enforcement or penological purpose can be inferred from the defendant's alleged conduct, the abuse itself may, in some circumstances, be sufficient evidence of a culpable state of mind.

Id. (internal citations omitted). Accordingly, as noted, we find that the alleged repetitive sexual harassment, coupled with the assaults, are sufficiently serious to assert an Eighth Amendment claim against Defendants Shady and Chaplain.

**CONCLUSION:**

Based on the foregoing, this case shall proceed with respect to Plaintiff's retaliation claims against Defendants Dougherty, Walker, and Tennis and with respect to Plaintiff's claim under the Eighth Amendment against Defendants Shady and Chaplain. The remaining named Defendants will be dismissed.

**NOW, THEREFORE, IT IS ORDERED THAT**:

1.  Magistrate Judge Blewitt's Report and Recommendation (doc. 8) is

accepted in part and rejected in part.

2. Magistrate Judge Blewitt's Report and Recommendation is rejected to the extent that Defendants Dougherty, Walker, and Tennis are not dismissed from this action.

3. This case shall proceed with respect to Plaintiff's retaliation claims against Defendants Dougherty, Walker, and Tennis.  This case shall also proceed only with respect to Plaintiff's claim under the Eighth Amendment against Defendants Shady and Chaplain.

4. The remaining named Defendants are dismissed.

5. This case is remanded to Magistrate Judge Blewitt for further proceedings against the five (5) remaining Defendants.

                                                  s/ John E. Jones III
                                                  John E. Jones III
                                                  United States District Judge