IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BENJAMIN SMITH, | : | CIVIL ACTION NO. **3:CV-05-2663** |
| Plaintiff | : | (Judge Jones) |
| v. | : | (Magistrate Judge Blewitt) |
| OFFICER SHADY, et al., | : | |
| Defendants | : | |

**MEMORANDUM AND ORDER**

**I. Background.**

The Plaintiff, Benjamin Smith, formerly an inmate at the State Correctional Institution at Rockview ("SCI-Rockview"), and currently an inmate at the Federal Correctional Institution at Ray Brook, New York, filed this action, pursuant to 42 U.S.C. § 1983, on December 27, 2005, naming fourteen (14) Defendants, employed by the Pennsylvania Department of Corrections ("DOC"), some of whom worked at SCI-Rockview.[1]

We reviewed the Plaintiff's pleading pursuant to the Prison Litigation Reform Act of 1995 "(PLRA"),[2] and found that it stated an Eighth Amendment deliberate indifference claim and conditions of confinement claim against two (2) Defendants, Shady and Chaplain Ajjeh, but that it named several party defendants which we recommended for dismissal under § 1983 for failure to state a claim. (Doc. 8). Specifically, in reviewing the Complaint under 28 U.S.C. §1915(e)(2)(B),

---

[1] In his form Complaint, Plaintiff indicated that, during the alleged violations of his constitutional rights, he was a state inmate incarcerated at SCI-Rockview. Thus, he properly styled his action as under § 1983. (Doc. 1, pp. 1-2).

[2] Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

we recommended that the Plaintiff's action failed to state a claim as against twelve (12) Defendants.

On February 6, 2006, the Plaintiff filed an objection to the January 2006 Report and Recommendation. (Doc. 12). The District Court adopted the Report and Recommendation in part, and reversed it in part, reinstating Francis Dougherty, Early Walker and Francis Tennis as Defendants. (Doc. 13). Thus, in total, five (5) Defendants remained.

On May 1, 2006, Defendants Francis Dougherty, Earl Walker, and Franklin Tennis filed a Motion to Dismiss the Plaintiff's retaliation claims against them. (Doc. 29). On August 16, 2006, we issued a Report and Recommendation and recommended that the Defendants' Motion be granted (Doc. 29), and that the Plaintiff's First Amendment retaliation claims be dismissed against Defendants Dougherty, Walker, and Tennis. (Doc. 58).

On December 27, 2006, the District Court entered an Order rejecting our Report and Recommendation and denying Defendants' stated Motion to Dismiss. (Doc. 71). The Court also denied Plaintiff's Motion for Judgment (Doc. 67), but it directed the Clerk to enter default as against Defendant Shady due to her failure to respond to Plaintiff's Complaint. (Doc. 71, p. 21). On December 27, 2006, the Clerk entered Default against Defendant Shady and in favor of Plaintiff. (Doc. 72). On December 27, 2006, Defendant Shady, through counsel, filed a Motion to set Aside Default Judgment. **(Doc. 73)**.[3] Defendant Shady filed his support Brief on January 16, 2007. (Doc. 76). On February 22, 2007, after being granted an extension of time, Plaintiff filed a Motion in Opposition to Setting Aside Entry of Default and a Brief in Opposition of Setting Aside Entry of

---

[3] As stated above, the Clerk only entered default against Defendant Shady. We find no record that default judgment was also entered against Defendant Shady. (Doc. 72).

Default. (Docs. 89 & 90). We now consider Defendant Shady's Motion to Set Aside Default.[4]

## II. Discussion.

Since the District Court, in its December 27, 2006 Order, noted the standard for setting aside the entry of default, we shall quote it as follows:

> [W]e note that under FED.R.CIV.P. 55(c), "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."
>
> Further, were a motion filed to set aside the default entry that we have ordered or any default judgment that may follow, jurisprudence provides guidance on disposition of such motions. With regard to a motion to set aside a default judgment, the Third Circuit has noted that "a standard of 'liberality,' rather than 'strictness' should be applied in acting on a motion to set aside a default judgment, and that 'any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits.'" Medunic v. Lederer, 533 F.2d 891, 894 (3d Cir. 1976) (quoting Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 245-46 (3d Cir. 1951)). Further, as a colleague from our own Court has noted, "[w]here default has been entered, but default judgment not yet granted, an even more liberal standard is applied to a motion to set aside the entry of default." Schartner v. Copeland, 59 F.R.D. 653, 656 (M.D. Pa. 1973).

(Doc. 71, p. 19, n. 6).

---

[4] Since we find merit to Defendant Shady's Motion, we see no need to wait for the time allotted for her to file a reply brief. We also note that this case has been assigned to us for pre-trial maters under 28 U.S.C. § 636(b)(1)(A), Doc. 71, p. 20. Since we find the instant Motion to Set Aside Default to be within our designated authority in this case, and since judgment has not been entered in this case (Doc. 72), we issue a Memorandum and Order as opposed to a Report and Recommendation. We are also cognizant that the District Court noted that if a motion to set aside either default or default judgment were filed, the Magistrate Judge may be well-advised to grant it. (Doc. 71, p. 19-20, n. 6).

Initially, we note that the District Court directed the Clerk to enter default against Defendant Shady (*Id.*, pp. 19, 21), and the Clerk entered Default in favor of Plaintiff and against Defendant Shady. (Doc. 72). We find no record that default judgment was entered against Defendant Shady, and thus we apply the more liberal standard which is appropriate for a motion to set aside the entry of default.

In the Motion of Defendant Shady, counsel from the Pennsylvania Attorney General's Office, who is representing Defendants Tennis, Dougherty, and Walker in this case, states that on March 14, 2006, he executed a Waiver of Service of Summons form with respect to Plaintiff's Complaint on behalf of Defendant Dougherty, Walker and Shady, but that the inclusion of Shady on the form was "inadvertent and counsel did not intend to include her in the waiver." (Doc. 73, p. 2, ¶'s 4.-6.). Counsel executed a separate waiver form with respect to Defendant Tennis.[5] Counsel states that, at the time he signed the waiver, he had not spoken with Shady and was not sure if she wanted him to represent her in this case. Counsel states that Plaintiff's complaint was served at SCI-Rockview after Shady left her employment at the prison, and that she did not receive a copy of the complaint and "is most likely unaware of the current action against her." (*Id.*, ¶ 8.). Counsel states that he did not respond to Plaintiff's Motion to Enter Default against Shady since he was not aware that he had signed the waiver of service form on her behalf. (*Id.*, ¶ 10.). Counsel concludes by stating that his failure to respond to Plaintiff's stated Motion, was "inadvertent and was not an

---

[5]We note that, to date, despite repeated attempts by the United States Marshals Service to serve Defendant Ajjeh, this Defendant still has not been served.

intentional act to permit entry of default judgment against her." (*Id*., p. 3, ¶ 13.).[6]

As stated, on December 27, 2006, Defendant Shady, through counsel, filed a Motion to Set Aside Default Judgment pursuant to Fed.R.Civ.P. 60(b)(1). **(Doc. 73)**.[7] The Plaintiff has opposed Defendant Shady's Motion by filing a Motion in Opposition to Setting Aside Entry of Default. (Doc. 89). In Defendant's Brief, counsel indicates that he has now spoken with Defendant Shady and has received her permission to represent her in this action. (Doc. 76, pp. 2-3). In fact, on February 20, 2007, counsel promptly filed an Answer to the Complaint on behalf of Defendant Shady. (Doc. 86).

For the following reasons, we shall grant Defendant's Motion to Set Aside Default, and we shall deny Plaintiff's Motion.

Defendant argues that she is entitled to have Default entered against her set aside under Rule 55(c), since there is no prejudice to Plaintiff, the proceedings will not be adversely impacted, she has a meritorious defense to Plaintiff's claims, and she has shown good cause and acted in good faith. (Doc. 76, pp. 3-6). Defendant, as stated, has now filed an Answer to the Complaint with four (4) Affirmative Defenses to demonstrate that she has a meritorious defense. (Doc. 86).

---

[6]As indicated above, the District Court did not direct the Clerk to enter Default Judgment against Shady; rather, it directed the Clerk to enter a default against her. (Doc. 71, p. 21, ¶ 4.). The Clerk only entered Default against Defendant Shady. (Doc. 72).

[7]We again note that the Clerk was directed by the District Court to only enter default as against Defendant Shady. (Doc. 71, p. 21, ¶ 4.). As directed, the Clerk entered Default against this Defendant. Therefore, insofar as Judgment by default has not been entered, Defendant's Motion should not be to set aside default judgment under Fed.R.Civ.P. 60(b) (Doc. 76, p. 3); rather, it should be to set aside the entry of default, under Fed. R. Civ. P. 55(c).

The parties agree on the standard to be utilized by the Court in exercising its discretion when determining whether default should be set aside. (Doc. 76, p. 3, and Doc. 90, pp. 1-2).  The parties correctly cite to the factors the Court should consider.  In the case of *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73-74 (3d Cir. 1987), the Court specified the applicable factors.  The four factors are: (1) whether lifting the default will prejudice Plaintiff; (2) whether the Defendant has a prima facie meritorious defense; (3) whether the defaulting Defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions. *Id*.  *See also U. S. V. $55,158.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984).  Also, as the Defendant notes, this Court has followed the *Emcasco* factors in *Accu-Weather, Inc., v. Reuters, Ltd.*, 779 F.Supp. 801 (M.D. P a. 1991).  The parties also agree that the Courts do not favor default and prefer to decide cases on their merits.  The District Court has noted the preference for the Court to decide a case on its merits as well. (Doc. 71, p. 19, n. 6).

In applying the stated factors to the present case, we agree with Defendant Shady that the default entered against her should be set aside.  Defendant's Brief (Doc. 76, pp. 4-5) and her Answer to the Complaint (Doc. 86) sufficiently demonstrate that she has a complete and meritorious defense to Plaintiff's claims.  Counsel indicates that he has spoken to Shady and that she explicitly denies assaulting Plaintiff as he alleges she did in his Complaint.  While Plaintiff argues that Defendant's defense is merely a denial of his allegations and is not an adequate defense (Doc. 90, p. 4), we find that it is a proper and meritorious defense in an Eighth Amendment assault case, despite Defendant's lack of specificity as to what type of assault on Plaintiff, *i.e.* physical or sexual (which is alleged herein), she denies.  Defendant also states that Plaintiff's allegations against her

are fabrications. (Doc. 76, p. 4). It is clear to this Court that Defendant is denying that she assaulted him as he alleges in his pleading. The Defendant's defense certainly provides the Court with some basis for finding that she can establish a complete defense to Plaintiff's Eighth Amendment claims against her.[8]

We also find no prejudice to Plaintiff if default is set aside, as discovery is not yet completed.[9] Indeed, Plaintiff acknowledges that he will not be greatly prejudiced if default were set aside. (Doc. 90, p. 2). Despite the fact that discovery has commenced, as stated, it has not yet concluded, and Plaintiff is able to obtain any relevant information he seeks from Shady through discovery. Further, Defendant Shady has already filed an Answer to Plaintiff's Complaint. The Plaintiff has ample time to conduct his discovery, if any, with respect to Defendant Shady.

We agree with Defendant (Doc. 76, p. 5), and further find that Defendant Shady's conduct is excusable, as she was unaware counsel for the other prison staff Defendants had inadvertently singed a waiver of service form on her behalf, and counsel did not intend to include her in the

---

[8]In his Complaint, Plaintiff alleges that in January 2004, during his incarceration at SCI-Rockview, he was sexually harassed and assaulted by CO Shady on three separate occasions. (Doc. 1, p. 2 ¶ IV.). Thus, the Court has found that Plaintiff raised a constitutional violation with respect to the alleged sexual harassment and assaults by CO Shady. Therefore, the Court found an Eighth Amendment claim asserted with respect to Defendant CO Shady's alleged conduct towards Plaintiff.

[9]The Scheduling Order was entered in this case on February 12, 2007, and discovery is set to be completed by March 12, 2007. (Doc. 85). The Court will look favorably upon any party's request for an extension of discovery, if deemed necessary, so that Defendant Shady can be included in the discovery process.

We also note that Defendants recently filed a Motion to Depose Plaintiff pursuant to Fed.R.Civ.P. 30(a)(2) (Doc. 91), and the Court will grant this Motion by separate order. Clearly, discovery is still ongoing in this case.

7

waiver since no steps were taken at that point to represent her.  Additionally, on the very day the Court issued its December 27, 2006 Order, and the Clerk entered default against Shady, counsel filed the current Motion to Set Aside Default.  Finally, we find that the sanction of default, based on the lack of culpable conduct on the part of Defendant Shady, is not warranted in this case.

Since we find that the entry of default in this case against Defendant Shady should be set aside based on the factors outlined by the Third Circuit, we see no need to address Defendant's final argument that default should be set aside pursuant to the PLRA.  (Doc. 76, p. 6).

An appropriate Order follows.

>                     **s/ Thomas M. Blewitt**
>                     **THOMAS M. BLEWITT**
>                     **United States Magistrate Judge**

**Dated: February 28, 2007**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BENJAMIN SMITH, | : | CIVIL ACTION NO. **3:CV-05-2663** |
| Plaintiff | : | (Judge Jones) |
| v. | : | (Magistrate Judge Blewitt) |
| OFFICER SHADY, et al., | : | |
| Defendants | : | |

## **ORDER**

**AND NOW,** this 28th day of **February, 2007**, based on the foregoing Memorandum,

**IT IS HEREBY ORDERED THAT:**

1. Defendant Shady's Motion to Set Aside Default **(Doc. 73)** is **GRANTED.**

2. Plaintiff's Motion in Opposition to Setting Aside Entry of Default **(Doc. 89)** is **DENIED.**


                                          **s/ Thomas M. Blewitt**
                                          **THOMAS M. BLEWITT**
                                          **United States Magistrate Judge**

**Dated: February 28, 2007**